**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | I.D. No. 2209011148A |
| | ) | |
| | ) | |
| CALVIN USHERY, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

This 5th day of March, 2026, the Court enters the following Order:

1.    Defendant has three motions pending before the Court: a motion for a jury trial on his habitual offender sentencing, a separate motion for relief under D.R. Crim. P. Rule 61 and a motion for Appointment of Counsel. The habitual offender matter is currently stayed pending a decision in the bellwether case of *State v. Clay Deputy*, (Case No. 2110001695).  The Court may nonetheless deal with his Rule 61 motion now, as it does not involve his habitual offender status.

2.     In fact, his Rule 61 motion deals with precious little, which is the problem.  Defendant filed his Rule 61 motion while his case was pending appeal, so

it must be considered timely filed. On the other hand, the grounds alleged are the barest of bare bones. Ground one says, Movant received "ineffective assistance of counsel during trial and appellate proceedings" and ground two says "Movant's counsel failed to properly investigate and present substantial issues to the trial and appellate courts."

3. Under Rule 61, a motion is sufficient if it sets forth "a sufficient factual and legal basis for a collateral attack" on a conviction. Ineffective assistance is a time-honored basis upon which to mount such an attack. But this movant's motion sets forth no facts whatsoever to determine whether it is sufficient. It sets forth no facts at all. Likewise, his complaint that prior counsel "failed to properly investigate" substantial issues leave the Court guessing what issues counsel failed to present or what investigation was not done. Thus, the motion on its face fails to inform the Court what the "factual and legal basis" for the collateral attack is.

4. The problem is brought into even sharper relief when we consider Defendant's request for appointment of counsel under Rule 61(e)(4). Defendant had a trial, so the criteria for appointment of counsel depends on whether the motion the motion sets forth a "substantial claim" that the movant received ineffective assistance of trial or appellate counsel and that "specific exceptional circumstances warrant the appointment of counsel." Defendant's motion meets neither of these criteria and so counsel cannot be appointed on the basis of the motion as written.

2

5. One supposes the Court could simply deny the motion with prejudice, thus passing Defendant's all but inevitable second request on to the more rigorous standard for a second or subsequent motion. But Defendant's problem is a failure to meet a pleading standard, the claim is otherwise timely and thus can be amended. So we will not.

6. Rather, the Court will deny Defendant's motion without prejudice to re-plead his case with an articulation of those facts that he believes warrant relief due to ineffective assistance of counsel. And to meet the requirements for appointment of counsel at state expense, Defendant will be required to articulate what "substantial claim" he has and what "specific exceptional circumstances" warrant the appointment of counsel.

7. Finally, the Court cautions Defendant: the mandate from the Supreme Court affirming his conviction on direct appeal was issued on September 24, 2025. A Rule 61 motion must be filed within one year of the mandate. The instant motion is being denied without prejudice, but it also will not extend the time limitation for filing a proper motion. Any Rule 61 motion filed after September 24, 2026, will be considered untimely and will be treated under the more stringent requirements for filing an untimely motion.

For the reasons stated above, Defendant's Motion for Postconviction Relief and Appointment of Counsel are hereby **DENIED** without prejudice.


 **IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc:    Prothonotary
       Calvin Ushery (SBI # 00431051)
       Samuel B. Kenny, Deputy Attorney General